## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ELYANA SUKWANPUTRA, and FNU YULIUS** | **CIVIL ACTION** |
| **v.** | **NO. 19-3965** |
| **WILLIAM BARR, United States Attorney General, et al.** | |

**Baylson, J.**                                                    **September 19, 2019**

## MEMORANDUM RE: HABEAS AVAILABILITY

Plaintiffs are in ICE custody pending possible removal ("deportation") to their native country, Indonesia. Plaintiffs assert they are of the Christian religion, and have fear of religious persecution and possible torture, if they are sent back to Indonesia. Plaintiffs have filed a motion with the Bureau of Immigration Appeals ("BIA") for stay of removal, but allege that the BIA has not scheduled any kind of hearing or ruled on their petition seeking relief under the Convention Against Torture ("CAT"), and they will be severely prejudiced if they are removed before a ruling by BIA.

Plaintiffs filed this action on August 30, 2019 requesting that this Court issue a temporary restraining order, preliminary injunction and/or stay of removal because of the inaction by the BIA.

The Government challenged the jurisdiction of this Court under the Real ID Act, 8 U.S.C. § 1252(g), which grants exclusive jurisdiction over appeals from BIA decisions in the Courts of Appeal, and in this case, in the Third Circuit.

Because of the dispute about jurisdiction, the Court requested Plaintiffs file a brief on this issue and held a hearing on September 18, 2019.

The Plaintiffs' brief responds to the Court's questions citing various statutory provisions as allowing relief in this Court. The Court is preliminarily of the opinion that these statutes do not, in light of the Real ID Act, provide this Court with jurisdiction.

At the hearing on September 18, 2019, Plaintiffs' counsel accurately described the current status of the case, specifically, that Plaintiffs have still not received any notice of hearing, or decision, on their motion for stay of removal or for CAT relief. Plaintiffs' counsel continues to contend that this Court has subject matter jurisdiction to protect the Plaintiffs' rights to secure a substantive hearing on their claims prior to removal, including their claims under the CAT, under various jurisdictional provisions such as mandamus, declaratory judgment, federal question, e.g. The Government, although continuing to assert that this Court does not have any subject matter jurisdiction, constructively suggested that Plaintiffs' counsel file a motion to expedite before the BIA, which the Government would not oppose. The Court agrees that Plaintiffs' counsel should promptly take all possible measures before the BIA, or the Third Circuit, to secure a hearing and final decision, so that if the decision is adverse, Plaintiffs may seek an appeal before the Third Circuit.

However, this Court disputes Plaintiffs' assertion that a district court would not have jurisdiction under the Habeas Corpus Statute, 28 U.S.C. § 2241. As Plaintiffs point out, because they are detained by ICE in the Middle District of Pennsylvania, they may have to file such a habeas action in that district in order to secure relief, if that is the only statutory basis for jurisdiction. Plaintiffs' counsel did not raise, and the Court neglected to inquire, as to the impact of the "Suspension Clause" in the United States Constitution, Article I, Section 9. Specifically, to the extent the Government asserts a district court does not have any jurisdiction to grant habeas relief to Plaintiffs, they have compelling facts and legal support that the Real ID Aact

cannot be interpreted to bar district court jurisdiction under § 2241, as they are in custody and

their allegations of denial of due process are strong.

In at least three cases, the Third Circuit has expressed concerns that the jurisdiction-

stripping provisions of the Real ID Act may run afoul of the Suspension Clause as applied to

immigrants already present in the United States.  See Osorio-Martinez v. Attorney General, 893

F.3d 153 (3d Cir. 2018); Khouzam v. Attorney General, 549 F.3d 235 (3d Cir. 2008); Kolkevich

v. Attorney General, 501 F.3d 323 (3d Cir. 2007).  In all three cases, the Third Circuit has been

guided by the standard two-part test: first, whether the statute has actually stripped away the

district courts' *habeas* jurisdiction; and second, whether the statute provides for "adequate and

effective" alternatives.  See, e.g., Osorio-Martinez, 893 F.3d at 167, 177.  In both Khouzam and

Kolkevich the court, applying the doctrine of Constitutional avoidance, read the Act to not strip

district court jurisdiction to hear certain immigration petitions.  Khouzam, 549 F.3d at 246;

Kolkevich, 501 F.3d at 332–33.  Had the Act entirely stripped district court jurisdiction, the Act

could have denied the petitioners an adequate and effective alternative to habeas review.

Khouzam, 549 F.3d at 245–249; Kolkevich, 501 F.3d at 335–36.

Further, in Osorio-Martinez, the court specifically held that although the Real ID Act

purported to strip away *habeas* jurisdiction without providing an adequate substitute, and so

concluded that the jurisdiction-stripping provisions would violate the Suspension Clause, and

were ineffective as applied to the petitioners.[1]

---

[1] None of those cases, however, are on point factually to this case.  Kolkevich and Osorio dealt with special categories of immigrants.  Osorio, 893 F.3d at 168; Kolkevich, 501 F.3d at 329.  In Khouzam, the court concluded that a reviewable final order existed.  549 F.3d at 245–46, but no final order exists here.  Of these cases, Plaintiffs only cite Kolkevich.

Sean B. v. McAleenan, No. 19-10529, 2019 WL 4165309 (D.N.J. September 3, 2019) (McNulty, J.), is factually much closer to the present case, as it provides a roadmap to asserting *habeas* jurisdiction. Judge McNulty found that he had *habeas* jurisdiction to stay the removal of Sean B., a Jamaican national who had a specific and credible fear of persecution based on his cooperation with a federal prosecution of a violent Jamaican drug gang. Id. at *3, 14–15. Sean B., like the present Plaintiffs, was waiting for the BIA to rule on a motion to reopen removal proceedings. Id. at *10. There was no final BIA order that would give the Third Circuit jurisdiction over the case. Id. at *4 & n.7. In the meantime, the Government had the power to remove Sean B. to Jamaica. Id. at 4. Judge McNulty reasoned that although Sean B. technically would be able to continue litigating his case from Jamaica following removal, the threat to his life would make it practically impossible. Id. at *12. There was therefore no "adequate and effective" substitute for *habeas* review. Id. at *11–14. The lack of "adequate and effective" substitute for *habeas* review made the jurisdiction-stripping provisions of the INA unconstitutional, giving the District Court jurisdiction to stay removal proceedings until the BIA entered a final order (which would give the Third Circuit jurisdiction). Id. at *14–15.

The last two paragraphs of Part III.D.2.b of the opinion summarize the issues well:

> [T]he peculiar timing of events has rendered ordinary review ineffectual. This Petitioner's procedural quandary arises because his cooperation (the circumstance that places him in danger) arose long after the time to challenge his 2009 order of removal had passed. He is attempting to reopen that decision, but in the meantime, he occupies a jurisdictional no-man's land. Court of Appeals review, remember, is the very reason that this court can constitutionally be denied habeas jurisdiction; yet it is that very lack of jurisdiction that permits the agency to act without judicial intervention in a manner that will defeat the effectiveness of Court of Appeals review.

> To stop the spinning of this jurisdictional merry-go-round, only modest measures are required. The minimum habeas jurisdiction that will ensure the adequacy of the constitutionally required

alternative procedures is a "bridge" stay, permitting Petitioner to remain in the United States until administrative proceedings are concluded and an appeal may be taken to the Court of Appeals, if necessary. To ensure that the alternative to the writ, required by the Suspension Clause, is adequate, this Court must retain the residual habeas jurisdiction to consider and, if appropriate, grant such a stay.

Although Sean B.'s fear of persecution may be more serious and more specific than Plaintiffs', this Court notes that Plaintiffs have credibly alleged a serious escalation in the persecution of Christians in Indonesia generally. They have also credibly alleged that it will be substantially more difficult for them to litigate their case from Indonesia than from the United States. Given these facts, the Court will enter an Order giving Plaintiffs' counsel leave to file an Amended and/or Supplemental Complaint, and/or to file a separate Complaint in the Middle District of Pennsylvania.[2] The Court also suggests that Plaintiffs take every possible procedural step to bring their factual plight to the attention of the BIA or, if necessary, the Third Circuit.

O:\Paul.2019\Cases\Sukwanputra v. Barr, 19-cv-3965\Internal Memorandum re Habeas.docx

---

[2] The Court nonetheless notes the Government's suggestion that Plaintiffs file a Motion to Expedite before the Board of Immigration Appeals, and/or seek relief from the Third Circuit, consistent with the usual requirement that parties exhaust administrative remedies before seeking Habeas relief under 28 U.S.C. § 2241.